[No. 8767a. Department One. December 6, 1910.]

JOHN BLUHER et al., Appellants, v. MICHAEL EARLES et al., Respondents.[1]

APPEAL—REVIEW—HARMLESS ERROR. Error in the admission of evidence and in instructions to the jury cannot be complained of by the plaintiff where the jury resolved all the issues in favor of the plaintiff.

DAMAGES—PERSONAL INJURIES—INADEQUATE DAMAGES. A verdict for $100 damages from an explosion of dynamite should not be set aside as inadequate, where the only permanent injury sustained was the perforation of the left ear drum producing defective hearing on that side, the plaintiff did not consult a doctor for nine months, and then took no treatment when he might have been cured, and there is nothing to indicate prejudice.

Appeal by plaintiff from a judgment of the superior court for King county, Gay, J., entered March 19, 1910, upon the verdict of a jury rendered in favor of the plaintiff for $100 damages for personal injuries sustained through an explosion. Affirmed.

Blaine, Tucker & Hyland and Robert C. Saunders, for appellants.

Kerr & McCord, for respondents.

[1]Reported in 111 Pac. 1057.

MOUNT, J.—The appellant brought this action to recover damages for personal injuries, alleged to have been caused by the careless explosion of a quantity of dynamite in the possession of an employee of respondents. After issues joined, the cause was tried to the court and a jury. A verdict was rendered in favor of the plaintiff for $100 damages. Plaintiff was not satisfied with the verdict, and moved for a new trial. This motion was denied, and a judgment was entered upon the verdict. Plaintiff has appealed.

It appears, that the plaintiff was in the employ of the Hanford Irrigation and Power Company, as a rodman in the engineering corps; that the respondent Cascade Construction Company had taken the contract to construct a dam in the Columbia river, near Priests Rapids, for the Hanford Irrigation and Power Company; that in this work dynamite was used, and a man named Johnson had charge of this dynamite for the construction company. It was a part of the plaintiff's duties to go to the work upon the dam, and ascertain the number of men employed there upon certain days. On February 12, 1908, the plaintiff went to the work to ascertain the number of men working there that day. He was waiting for Johnson to give him the number of men. While doing so, he went to a large rock where a quantity of dynamite had been placed near an open fire to be thawed. While the plaintiff was there, Mr. Johnson came up and attempted to rekindle the fire by pulverizing some dynamite and placing it upon some embers. The result was an explosion of a quantity of the dynamite which killed Johnson and injured the plaintiff. It is argued by the appellant that the court erred in admitting evidence to the effect that Johnson was a competent and careful powderman, and that the respondents had used due care and made inquiries as to his competency before employing Mr. Johnson; and that the court also erred in instructing the jury to the effect that, if they found that respondents had used diligence in the employment of Johnson

and in the selection of the place used for thawing dynamite, and that the place selected was not ordinarily dangerous, and if they believed that the plaintiff, without any necessity therefor, had gone to the place, and had been injured through the negligence of the powderman, no recovery could be had.

If this evidence was erroneously admitted, and if the instruction was erroneous, such errors were harmless because the jury found a verdict in favor of the plaintiff. In this same connection the court told the jury that, "if you believe from the evidence that the deceased Johnson, in a wilful manner and without giving any opportunity, and for the purpose of doing a wrongful act, . . . did kindle fire with dynamite, and that the plaintiff had no reasonable opportunity to escape, and that injury thereby came to the plaintiff, then your verdict should be for him in compensatory damages." The jury must have found either that Johnson was a careless man, which was known to respondent, or that he wilfully kindled the fire with dynamite and injured the appellant, and therefore concluded that the appellant was entitled to damages, which were awarded. The evidence and instruction upon the question of the competency of the powderman, therefore, are of no importance in the case at this time.

It is also argued that the verdict is manifestly inadequate, and that the court should therefore have granted a new trial. A careful reading of the evidence does not convince us that the verdict is inadequate. The only permanent injury shown is a perforation of the left ear drum and a discharge therefrom, which probably produce defective hearing on that side. After the injury the appellant continued his employment for several months. He did not consult a doctor for nine months after the injury, and then, when it might have been cured, he took no treatment. The jury saw the appellant, heard him testify, and were much better able to judge of his injury than we are. There is nothing in the case to

indicate any prejudice against the appellant, and there is nothing to justify a reversal.

The judgment is therefore affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and PARKER, JJ., concur.